IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NATHANIEL MORRIS
on behalf of himself and all others similarly situated,

    Plaintiff,

    v.

KELLY-MOORE PAINT COMPANY, INC and
FLACKSGROUP LLC

    Defendants.

Case No.: 4:24-cv-00050

**CLASS ACTION COMPLAINT
AND
DEMAND FOR JURY TRIAL**

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Nathaniel Morris ("Plaintiff") on behalf of himself and a class of those similarly situated ("Other Similarly Situated Employees"), by way of Complaint against Kelly-Moore Paint Company, Inc. and Flacksgroup LLC ("Defendants") by and through his counsel allege as follows:

**NATURE OF THE ACTION**

1. This is a class action for the recovery by Plaintiff and Other Similarly Situated Employees of the Defendants, as a single employer, of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendants' violation of the Plaintiff's rights under the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 *et. seq.* (the "WARN Act"). Although the Plaintiff and the Other Similarly Situated Employees were nominally employed by Defendant, Kelly-Moore Paint Company, Inc. ("Kelly-Moore"), pursuant to the WARN Act's single employer rule, Flacksgroup LLC ("Flacksgroup") was also the Plaintiff's and the Other Similarly Situated Employees "Employer" until they were terminated as part of, or as a result of a Mass Layoff or Mass Layoffs and/or a Plant Closing ordered by Defendants on or about January 12, 2024 and thereafter. The Defendants violated the WARN Act

by failing to give the Plaintiff and the Other Similarly Situated Employees of the Defendants at least 60 days' advance written notice of termination, as required by the WARN Act. As a consequence, the Plaintiff and the Other Similarly Situated Employees of the Defendants are entitled under the WARN Act to recover from the Defendants their wages and ERISA benefits for 60 days, none of which has been paid.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

3.  Venue in this Court is proper pursuant to 29 U.S.C § 2104 (a)(5).

## THE PARTIES

4.  Upon information and belief, at all relevant times, Defendant Kelly-Moore, is a California corporation with facilities located throughout the United States.

5.  Upon information and belief Kelly-More has a facility located at 303 W Hurst Blvd, Hurst, Texas (the "Hurst Facility" and collectively with all other facilities, the "Facilities").

6.  Upon information and belief, Defendant Flacksgroup is a Florida corporation.

7.  Upon information and belief, Flacksgroup operated and controlled Kelly-Moore.

8.  Upon information and belief, at all relevant times, Defendants each jointly maintained, owned and operated the Facilities.

9.  Plaintiff Nathaniel Morris was employed by Defendants, as a single employer, at the Hurst Facility until his layoff without cause on or about January 12, 2024.

10. Plaintiff and the Other Similarly Situated Employees were employed by Defendants as a single employer at the Facilities until their termination without cause on or about January 12, 2024 and thereafter at which time Defendants ordered a Mass Layoff and/or a Plant Closing of the Facility.

11. Upon information and belief, approximately 110 persons were employed at the Hurst Facility by Defendants until their termination without cause on or about January 12, 2024 and thereafter.

12. Upon information and belief, Defendants, as a single employer, owned and operated the Facilities until on or about January 12, 2024 and thereafter.

13. On or about January 12, 2024 and thereafter, Defendants, as a single employer, ordered the termination of the Plaintiff's employment together with the termination of all other employees who worked at or reported to the Facilities as part of a Mass Layoff and/or a Plant Closing as defined by the WARN Act for which they were entitled to receive 60 days advance written notice under the WARN Act.

### CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104 (a)(5)

14. Pursuant to the WARN Act, 29 U.S.C. § 2104 (a)(5), the Plaintiff maintains this action on behalf of himself and on behalf of each of the Other Similarly Situated Employees.

15. Each of the Other Similarly Situated Employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

16. Defendants, as a single employer, were required by the WARN Act to give the Plaintiff and the Other Similarly Situated Employees at least 60 days advance written notice prior to their terminations.

17. Prior to their terminations, neither the Plaintiff nor the Other Similarly Situated Employees received written notice that complied with the requirements of the WARN Act.

18. Defendants failed to pay the Plaintiff and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

**CLASS ACTION ALLEGATIONS RULES 23 (a) and (b)**

19. The Plaintiff brings this action on his own behalf and, pursuant to the Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of herself and the Other Similarly Situated Employees who worked at the Facilities and were terminated as part of or as the reasonably foreseeable result of a Mass Layoff and/or a Plant Closing ordered by the Defendants, as a single employer, on or about January 12, 2024 and thereafter ("the "Class").

20. The persons in the Class identified above ("Class Members") are so numerous that joinder of all Class Members is impracticable.

21. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

22. The claims of the representative party are typical of the claims of the Class.

23. The representative party will fairly and adequately protect the interests of the class.

24. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the contest of WARN Act litigation, where individual Plaintiffs and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

26. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

  (a) Whether the Class Members were employees of the Defendants who worked at or reported to the Facilities;

  (b) Whether Defendants, as a single employer, terminated the employment of the Class Members without cause on their part and without giving them 60 days advance written notice;

    (c)    Whether the Defendants may rely on the WARN Acts "unforeseeable business circumstances" defense.

    (d)    Whether Defendants failure to provide 60 days' notice should render them liable to the Class Members for 60 days' pay and benefits.

    (e)    Whether the Defendants constituted a "single employer" as defined by the WARN Act.

## CAUSE OF ACTION & CLAIM FOR RELIEF: VIOLATION OF THE WARN ACT, 29 U.S.C. §§ 2101, *et. seq.*

27. At all relevant times, the Defendants, as a "single employer" employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 50 employees at each Facility.

28. At all relevant times, each of the Defendants was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of the WARN Act and 20 C.F.R. § 639.3(a).

## SINGLE EMPLOYER ALLEGATIONS

29. The Defendants constituted a "single employer" of the Plaintiff and the Class Members in that, among other things:

***Common Ownership***

    *(a)*    Upon information and belief, in approximately October 2022, Flacksgroup acquired Kelly-Moore.

    *(b)*    Upon information and belief, Flacksgroup, operated and controlled Kelly-Moore.

***Common Directors and Officers***

  *(c)* Upon information and belief, Kelly-Moore and Flacksgroup shared common officers and directors.

  *(d)* Specifically, Charles Gassenheimer was the CEO of Kelly-Moore and the Managing Partner of Flacksgroup.

***Dependency of Operations***

  *(e)* Upon information and belief, at all relevant times, Kelly-Moore was dependent on Flacksgroup for its daily operating funds which were provided either directly by Flacksgroup or through financing arranged by Flacksgroup.

***Unity of Personnel Policies***

  *(f)* Upon information and belief, at all relevant times, all of the Defendants maintained common personnel policies which were put into place by Flacksgroup including payment of wages, as well as a common health care plan all of which was carried out by Flacksgroup.

  *(g)* Upon information and belief, at all relevant times, all management-level personnel decisions relating to Kelly-Moore were made by Flacksgroup.

  *(h)* Upon information and belief, the decision to order a Mass Layoff or Mass Layoffs and/or a Plant Closing without providing a WARN notice was made by Flacksgroup on behalf of the Defendants.

***De Facto Control***

  *(i)* Upon information and belief, at all relevant times, Flacksgroup maintained sole control over all critical business decisions made on behalf of the Defendants including decisions relating to Plaintiff's and the Class's employment and, specifically, the decision to shut down the Facility without providing WARN notice.

    *(j)*    Specifically, in the email to employees announceing their termination, Flacksgroup's Managing Partner Charles Gassenheimer said, "when **our** group acquired Kelly-Moore, **we** believed that despite legacy liabilities and management issues, the business had great potential. Unfortunately, despite our strong Kelly Moore team, high quality products and strong customer relationships, **we** simply couldn't overcome the massive legal and financial burdens that have been weighing on the company for many years. Today **we** will begin the "orderly wind down" process. All remaining employees will be immediately terminated, and all previously furloughed employees will be receiving the termination packets." (emphasis added).

    *(k)*    Upon information and belief, the decision to shut down the Facility without providing proper WARN notice was made by Flacksgroup on behalf of the Defendants, as a single employer.

30.    On or about January 12, 2024 and thereafter, Defendants, as a single employer, ordered a Mass Layoff and/or a Plant Closing of the Facilities as those terms are defined by 29 U.S.C. § 2101(a).

31.    The Plaintiff and the Class Members who were terminated by Defendants as a result of Defendants ordering a Mass Layoff and/or a Plant Closing at the Facilities on or about January 12, 2024 and thereafter were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

32.    The mass layoff or mass layoffs and/or plant closing at the Facilities resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendants' employees as well as 33% of Defendant's workforce at each Facility, excluding "part-time employees," as that term is defined by the WARN Act.

33. The Plaintiff and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

34. Pursuant to Sections 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 *et. seq.*, Defendants were required to provide at least 60 days prior written notice of the termination or notice as soon as practicable, to the affected employees, explaining why the sixty (60) days prior notice was not given.

35. Defendants failed to provide at least sixty (60) days prior notice to the Class Members terminations and also failed to provide notice prior to their terminations setting forth the basis for reduced notice as required by the WARN Act.

36. The Defendants failed to pay the Plaintiff and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations, and failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

37. As a result of Defendants' failure to pay the wages, benefits and other monies as asserted above, the Aggrieved Employees were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

## JURY DEMAND

38. On behalf of themselves and a class of Other Similarly Situated Employees, Plaintiff demands a trial by jury in this case.

**WHEREFORE**, the Plaintiff and Class Members demand judgment against the Defendants as follows:

a. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act;

b. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiff and the Class Members constitute a single class;

c. Interest as allowed by law on the amounts owed under the preceding paragraphs;

d. Appointment of the undersigned attorneys as Class Counsel;

e. Appointment of Plaintiff as the Class Representative and payment of reasonable compensation for his services as such;

f. The reasonable attorneys' fees and the costs and disbursements the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6); and

g. Such other and further relief as this Court may deem just and proper.

Dated: January 15, 2024

By: _/s/ Jason C. Webster_
**THE WEBSTER LAW FIRM**
By: */s/ Jason C. Webster*
Jason C. Webster
State Bar No. 24033318
6200 Savoy Drive, Suite 150
Houston, Texas 77036
713.581.3900 (telephone)
713.581.3907 (facsimile)
filing@thewebsterlawfirm.com

**LANKENAU & MILLER, LLP**
Stuart J. Miller (SJM 4276)
Johnathan Miller
100 Church Street, 8th FL
New York, NY 10007

P: (212) 581-5005
F: (212) 581-2122

**THE GARDNER FIRM, P.C.**
Mary E. Olsen (OLSEM4818)
M. Vance McCrary (MCCRM4402)
182 St. Francis Street
Suite 103
Mobile, Alabama 36602
P: (251) 433-8100
F: (251) 433-8181

Cooperating Counsel for
THE SUGAR LAW CENTER FOR ECONOMIC &
SOCIAL JUSTICE, a non-profit law firm

*Attorneys for Plaintiff*