UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**NATHANIEL MORRIS,**

> Plaintiff,

v.                                                            **No. 4:24-cv-0050-P**

**KELLY-MOORE PAINT COMPANY, INC.**
**AND FLACKSGROUP LLC,**

> Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendants' Motion to Dismiss (ECF No. 8). Having considered the Motions, briefs, and applicable law, the Court determines that the Motion should be and is hereby **GRANTED in part** and **DENIED in part**.

## BACKGROUND

Plaintiff Nathaniel Morris and other similarly situated employees of Defendant brought this suit to recover damages and Employee Retirement Income Security Act ("ERISA") benefits under the Worker Adjustment and Retraining Notification Act of 1988 (the "WARN Act"). In considering Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true the following facts presented in Plaintiff's First Amended Complaint. *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002).

Morris and the other employees were employed by Kelly-Moore Paint Company, Inc. ("Kelly-Moore"), which Morris alleges had been acquired by Flacksgroup LLC ("Flacksgroup"). Flacksgroup is a Florida corporation that specializes as a "turnaround" business, meaning it buys failing businesses with the purpose of revitalization. Specifically, Flacksgroup runs the day-to-day operations of the companies it

purchases and, in this case, places its own CEO, Charles Gassenheimer, as the CEO of the purchased company.

After some time attempting to revitalize Kelly-Moore, Flacksgroup purportedly ordered the mass layoff of Kelly-Moore employees. Consequently, Kelly-Moore terminated the employment of Mr. Morris and roughly 110 of his co-workers at Kelly-Moore's Hurst facility.

Morris filed this class action suit to recover wages and ERISA benefits as a result of this termination by Kelly-Moore. Defendants filed a Motion to Dismiss in response, which is now ripe for the Court's review.

## LEGAL STANDARD

### A. 12(b)(2) – Personal Jurisdiction

When a nonresident defendant files a motion to dismiss for lack of personal jurisdiction, the burden of proof is on the plaintiff as the party seeking to invoke the district court's jurisdiction. *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989). "[T]he party who bears the burden need only present a *prima facie* case for personal jurisdiction; proof by a preponderance of the evidence is not required." *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 545–46 (5th Cir. 1985). Furthermore, "on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor." *Id.* at 546.

"A federal district court sitting in diversity may exercise personal jurisdiction over a [nonresident] defendant if (1) the long-arm statute of the forum state creates personal jurisdiction over the defendant, and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010) (citation omitted). "Because Texas's long-arm statute reaches to the constitutional limits, the question [a federal court] must resolve is whether exercising personal jurisdiction over the defendant offends due process." *Id.*

The exercise of "[p]ersonal jurisdiction comports with due process when first, the defendant has the requisite minimum contacts with the forum state and second, requiring the defendant to submit to

jurisdiction in the forum state would not infringe on 'traditional notions of fair play and substantial justice.'" *Companion Prop. & Cas. Ins. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013) (quoting *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 105 (1987); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). When a nonresident defendant "purposefully avail[s] [it]self of the benefits of the forum state, so that [it] 'should reasonably anticipate being haled into court' there," the defendant's conduct establishes minimum contacts. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 U.S. 462, 472 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

"There are two types of minimum contacts: contacts that give rise to specific jurisdiction and those that give rise to general jurisdiction." *Clemens*, 615 F.3d at 378. General jurisdiction exists when a defendant's "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operation, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe Co.*, 326 U.S. at 317). "Specific jurisdiction exists when the defendant has purposefully directed his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." *Clemens*, 615 F.3d at 378 (alterations in original) (internal quotation marks and citations omitted). Specific personal jurisdiction requires that a party "purposefully directed its activities at the forum state" and the Court has jurisdiction over claims "deriving from, or connected with" those activities. *Sangha v. Navig8 Shipmanagement Priv. Ltd.*, 882 F.3d 96, 102 (5th Cir. 2018).

**B. 12(b)(6) – Failure to State a Claim**

Rule 12(b)(6) allows defendants to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). In evaluating Rule 12(b)(6) motions, courts accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, 'all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor.'" *Id.* (quoting *Lewis v. Fresne*, 252 F.3d 352, 357

(5th Cir. 2001)). However, courts are not bound to accept as true legal conclusions couched as factual allegations. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

## ANALYSIS

The Defendant, Flacksgroup, individually moves to dismiss Morris's claim against them for lack of jurisdiction. ECF No. 9 at 1. Additionally, Defendants Flacksgroup and Kelly-Moore argue that the claims against them should be dismissed for failure to state a claim, or in the alternative, Defendants request the Court to strike any Plaintiffs from the class who were employed at a location that differs from that of Mr. Morris. *Id.*

### A. Flacksgroup lacks sufficient minimum contacts with Texas

To comport with the Due Process requirement that Defendants maintain minimum contacts with the forum state, Defendants must "purposefully direct[]" its contact at the forum state. *See Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999) (internal quotation omitted). With respect to the claim against Flacksgroup, Morris asserts that Flacksgroup, while incorporated in Florida, purchased and controlled Kelly-Moore at relevant times and ordered Kelly-Moore to terminate its employees. *See* ECF No. 1 at 2, 6.

While the parties' conflicting reports would pose an issue needing to be resolved in favor of Mr. Morris, the fact that the Flacksgroup dissolved before the alleged injury is dispositive of the personal

4

jurisdiction question. So, the essential inquiry is whether "the defendant has purposefully directed his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." *Clemens*, 615 F.3d at 378 (internal quotation omitted). According to the official page for the Florida Division of Corporations, Flacksgroup dissolved in September of 2023. *See* ECF No. 18 at 3. Here, Mr. Morris argued that the essential contacts with the state of Texas were that Flacksgroup had directed the termination of the Kelly-Moore employees in January of 2024. *See* ECF No. 1 at 6. Thus, if Flacksgroup ever had sufficient minimum contacts with Texas, those contacts could not have led to the injuries suffered in the present case because Flacksgroup, as a corporate entity, did not exist during the alleged injuries. Consequently, the claims against Flacksgroup are **DISMISSED with prejudice**.

## B. Defendants 12(b)(6) Motion to Dismiss is moot.

Next, Defendants allege that Morris's putative class, as plead, is not adequately defined and clearly ascertainable. *See* ECF No. 17 at 8. Notably, Defendants do not oppose class certification, but instead contend that the pleadings were inadequate to define the intended class. *See id.* at 8–9. However, since filing the Motion to Dismiss, the parties conferred, and Morris filed an unopposed Motion for Class Certification. *See* ECF No. 25 at 1–2. Consequently, the argument is moot, and the Motion is **DENIED**.

## CONCLUSION

For the reasons above. Defendants' Motion to Dismiss for lack of personal jurisdiction is **GRANTED**, and the claims against Flacksgroup are **DISMISSED with prejudice**. Additionally, Defendants' Motion to Dismiss for failure to state a claim is **DENIED**.

**SO ORDERED** on this **19th day** of **September 2024.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

5