UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**NATHANIEL MORRIS,**

   Plaintiff,

v.   No. 4:24-cv-00050-P

**KELLY-MOORE PAINT COMPANY, INC.,**

   Defendant.

## MEMORANDUM OPINION & ORDER

AND NOW, upon consideration of the motion for an order by Nathaniel Morris ("Plaintiff"): (a) certifying a class pursuant to the FED. R. CIV. P. 23 comprised of the Plaintiff and all former employees who worked at the facility located at 301 W Hurst Blvd, Hurst, Texas (the "Facility"), and were terminated without cause on their part on or about January 12, 2024, or within 30 days of that date or thereafter, as part of or as the result of the alleged mass layoff and/or plant closing carried out at the Facility and who do not file a timely request to opt-out of the class (the "Class"), (b) appointing Plaintiff as Class Representative, (c) appointing Lankenau & Miller, LLP, The Gardner Firm, P.C., Aldous PC and Webster Vicknair MacLeod as Class Counsel, (d) approving the form and manner of Notice to the Class, and (e) granting such other and further relief as this Court may deem proper (the "Motion"), and the Court having determined that class certification is appropriate; **IT IS HEREBY ORDERED THAT:**

1. A class (the "Class") is certified comprised of the following:

   All former employees who worked at the facility located at 301 W Hurst Blvd, Hurst, Texas (the "Facility"), and were terminated without cause on their part on or about January 12, 2024, or within 30 days of that date or thereafter, as part of or as the result of the alleged mass layoff and/or plant closing carried out at the Facility and

who do not file a timely request to opt-out of the class (the "Class").

The Class described above meets the requirements of FED. R. CIV. P. 23 (a). Specifically, the numerosity factor of FED. R. CIV. P. 23(a)(1) is met because the proposed Class is comprised of the Plaintiff and over a hundred other similarly situated employees, making joinder of Class Members impracticable. The commonality factor of FED. R. CIV. P. 23(a)(2) is met because there are questions of law or fact common to every member of the Class, including: (a) whether Defendant employed more than 100 employees; (b) whether all the Class members are protected by the WARN Act; (c) whether the Class Members were employees of Defendant, who worked at or reported to the Facility until their terminations without cause on their part, on or about January 12, 2024, within thirty days of that date or thereafter, as part of or as the result of the alleged mass layoff and/or plant closing carried out at the Facility; (d) whether 50 or more employees, exclusive of part-time employees, were terminated from the Facility; (e) whether the Class members were "affected employees," (f) whether the Class members were "aggrieved employees"; and (g) whether Defendant failed to pay the Class members 60 days' wages and benefits. Any differences in the issues affecting Class Members' circumstances (for example, their rates of pay and levels of benefits under the WARN Act on the date of their layoff), do not outweigh the questions of law and fact that are common to every Class Member. The typicality factor of FED. R. CIV. P. 23(a)(3) is met here as "the claims . . . of [Plaintiff who are] the representative parties [are] typical of the claims . . . of the class." Plaintiff's claims are based on the same facts as the other Class Members. The Plaintiff is the proposed Class Representative. No conflicts, disabling or otherwise, exist between the Class Representative and the Class Members because the representative has allegedly been damaged by the same alleged conduct and has the incentive to fairly represent all Class Members' claims to achieve the maximum possible recovery. Moreover, the adequacy requirement is met. Class Counsel, namely The Gardner Firm, P.C. and Lankenau & Miller LLP, are experienced class action attorneys and have been collectively appointed as lead counsel in more than one hundred (100) WARN Act class actions. Also relevant to the

Court's certification decision is whether a class action is the superior method of adjudication. Here, each Class Member's claim would be impractical to bring as an individual claim. Further, this judicial district is where the alleged WARN Act violation took place. The difficulties in managing this litigation as a class action are few: the Class Members can be easily identified from company records; the potential liability of Defendant can be readily calculated; and there is one course of conduct -- that of Defendant -- to examine and adjudicate. Finally, the ascertainability doctrine implicit in Rule 23 is satisfied because the Class, as defined, will be readily ascertainable through Defendant's employment records. Accordingly, the Class meets all criteria for certification and should be certified pursuant to the requirements of FED. R. CIV. P. 23(a)(4) and (b)(3).

2. Plaintiff is hereby appointed as Class Representative.

3. Lankenau & Miller, LLP, The Gardner Firm, P.C. Aldous PC, and Webster Vicknair MacLeod are appointed class counsel (collectively "Class Counsel").

4. The proposed form of Notice to the Class, attached to the Olsen Declaration, is approved. Notice in compliance with this Order is hereby found to be the best notice practicable under the circumstances and constitutes due and sufficient notice to all Class Members in full compliance with the notice requirements of FED. R. CIV. P. 23.

5. No later than ten business days following entry of this Order, Defendants shall provide Class Counsel with an electronic spreadsheet containing the names and last known addresses of the former employees encompassed by the Class as defined above (the "Class Spreadsheet").

6. Class Counsel shall mail the Class Notice, First Class postage prepaid, within fifteen business days of receipt of the Class Spreadsheet, to the proposed members of the Class at their last known addresses as shown on the Class Spreadsheet.

7. Class members who wish to opt-out of the Class in this matter must complete the opt-out form, included with the Class Notice, and must sign and mail that opt-out form to The Gardner Firm, P.C., 182 St. Francis Street, Ste. 103, Mobile, Alabama 36602, Attn: Mary E. Olsen - so that

it is received by Ms. Olsen by the opt-out deadline indicated in the Class Notice (which shall be set at thirty-five (35) days after the date on which the Class Notice was mailed). All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the class in the WARN Action and will be bound in the same way and to the same extent as all other Class Members.

**SO ORDERED** on this **27th day** of **September 2024.**

*[Signature: Mark T. Pittman]*

Mark T. Pittman
UNITED STATES DISTRICT JUDGE